CC: USA DJ
USM CRM
PTS
USPO

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOHNATHAN K. TAGATAC,<br><br>Defendant - Appellant. | No. 04-10434<br>D.C. No. CR-03-00247-SOM<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 0 2005

at 3 o'clock and 45 min. P M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

On consideration whereof, it is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is **DISMISSED AS MOOT**.

Filed and entered 06/30/05

A TRUE COPY
ATTEST  8/8/05

CATHY A. CATTERSON
Clerk of Court

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JONATHAN K. TAGATAC,<br><br>Defendant - Appellant. | No. 04-10434<br><br>D.C. No. CR-03-00247-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted May 12, 2005
Honolulu, Hawaii

Before: KOZINSKI, CALLAHAN, and BEA, Circuit Judges.

Jonathan Tagatac filed a timely notice of appeal from the district court's order authorizing his involuntary medication while in the custody of the Attorney General pending sentencing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

We dismiss this appeal as moot. Subsequent to the district court order here at issue, Tagatac was sentenced, and given supervised release. Although counsel represent that Tagatac has since been arrested and is being detained for violating a condition of his supervised release, this case does not fit within the "capable of repetition yet evading review" exception to mootness. *See Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) (limiting the exception to instances where the challenged action is too short in duration to be fully litigated before cessation or expiration and there is a reasonable expectation that the same party will be subjected to the same action again).

In *Washington v. Harper*, 494 U.S. 210, 227 (1990), the Supreme Court held that the Due Process Clause permits treatment of a prison inmate who has a serious mental illness with antipsychotic drugs against his will, "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *See also Riggins v. Nevada*, 504 U.S. 127, 135 (1992) (requiring "a finding of overriding justification and a determination of medical appropriateness"). Should the government again seek Tagatac's involuntary medication, due process would require it to present new evidence to the district court that Tagatac was presently dangerous and that the particular medication was in his medical interest. Thus, were the district court in the future to authorize

Tagatac's involuntary medication, such an order would be based on a new showing of authorities and facts, would not be based in any way on the prior order that is challenged here, and would be appealable.

The appeal is **DISMISSED AS MOOT.**

A TRUE COPY ATTEST 8/8/05
CATHY A. CATTERSON
Clerk of Court
by: _____
Deputy Clerk